IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMIN MIGUEL VALVERDE,           )
Reg. No. 17666-003,              )
                                 )
          Petitioner,            )
                                 )
     v.                          )   CASE NO. 2:25-CV-894-WKW
                                 )            [WO]
MILTON WASHINGTON,               )
                                 )
          Respondent.            )

## ORDER

Petitioner Jamin Miguel Valverde, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. # 1.)  By Order dated December 9, 2025, Petitioner was directed to "immediately inform the court and Respondent (or Respondent's counsel of record) of any change in his address."  (Doc. # 4 at 3 ("December 9 Order").)  The December 9 Order expressly cautioned Petitioner that "[f]ailure to provide notice of a correct address within 14 days following any change of address will result in the dismissal of this case" (emphasis omitted) and that he "also must diligently prosecute this case or face the possibility that it will be dismissed for failure to prosecute" (citing Fed. R. Civ. P. 41(b)).  (*Id.*)  On April 14, 2026, an Order sent to Petitioner at his address of record was returned to the court as undeliverable with the notation, "Return to Sender"—"Not at this Address." (Doc. # 19; *see also* Doc. # 15 (Text Order issued on March 23, 2026).)

Furthermore, according to the Inmate Locator website operated by the Federal Bureau of Prisons (BOP), Petitioner has been transferred from the Baldwin County Corrections Center to Forrest City Low Federal Correctional Institute.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 14, 2026).[1]  The foregoing facts indicate that Petitioner has failed to comply with the December 9 Order's express directive to inform the court about any change in his address.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the

---

[1] This court takes judicial notice of the public records maintained on the BOP's website.  *See* Fed. R. Evid. 201(c); *see also Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017).  "[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites."  *Naveleski*, 244 F. Supp. 3d at 1300 n.25 (citing *Marshek v. Eichenlaub*, 266 F. App'x 392, 392–93 (6th Cir. 2008) (per curiam) (taking judicial notice, sua sponte and at the appellate stage, of information on the Inmate Locator—which is maintained by the BOP and accessible on its official website—to determine that the appellant had been released since filing the appeal and the appeal thus was moot)); *see also Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) ("The Court is permitted to take judicial notice of information on the [BOP's] Inmate Locator Service." (citation modified)); *United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the BOP's publicly accessible Inmate Locator records).

2

Federal Rules of Civil Procedure.[2]  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

The December 9 Order clearly warned Petitioner that failing to timely update his address would result in dismissal and emphasized the necessity of diligently prosecuting this petition to avoid dismissal for lack of prosecution.  Because

---

[2] The *Rules Governing Section 2254 Cases in the United States District Courts*, which also apply to Section 2241 cases, do not address dismissals with or without prejudice.  *See* Rule 1(b), *Rules Governing Section 2254 Cases in the United States District Courts* [hereinafter *Rules Governing § 2254 Cases*] (providing that the § 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).  However, the *Rules* allow for the application of the Federal Rules of Civil Procedure when there is no conflict with statutory provisions or the *Rules*.  *See* Rule 12, *Rules Governing § 2254 Cases*.  Here, applying Rule 41(b) of the Federal Rules of Civil Procedure does not present any conflict.

Petitioner has not provided a timely notice of his change of address or actively pursued this case, dismissal without prejudice appropriate.

Based on the foregoing, it is ORDERED that Petitioner Jamin Miguel Valverde's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

The Clerk of Court is DIRECTED to send a copy of this Order to Petitioner at FCI Forrest City Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, Arkansas 72336.

Final Judgment will be entered separately.

DONE this 20th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE